IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| ANNIE O. LEWIS AND HERBERT E. LEWIS  )  )  Plaintiffs,                                    )  ) vs.                                                           ) AETNA LIFE INSURANCE COMPANY.         ) SHERWIN WILLIAMS COMPANYas PLAN     ) ADMINISTRATOR, SHERWIN WILLIAMS       ) SALARIED MEDICAL PLAN                          )      Defendants.                                    ) | No.  09-CV-641 |

## AMENDED COMPLAINT

NOW COMES Plaintiffs, HERBERT E. LEWIS and ANNIE O. LEWIS, by and through their attorneys, Cavanagh & O'Hara, for their Amended Complaint against the Defendants, the Sherwin Williams Company as Plan Administrator of the Sherwin Williams Salaried Medical Plan, Aetna Life Insurance Company as a Plan Fiduciary of the Sherwin Williams Salaried Medical Plan, and the Sherwin Williams Salaried Medical Plan state as follows:

### Introduction

1. This is a civil action seeking damages for violations of §1132(a)(1)(B) and 1132(c)(1) of the Employment Retirement Income Security Act ("ERISA").

2. The U.S. District Court has jurisdiction over Plaintiff's claim pursuant to 29 U.S.C. § 1132 (e)(1) in that Plaintiff alleges a violation of § 1132(a)(1)(B) and 1132(c)(1).

3. Venue in this Court is proper under 29 U.S.C. § 1132(e)(2) in that the events described herein and giving rise to the claim generally occurred in Clay County, Illinois.

## **Parties**

4. Plaintiffs, Herbert Lewis and Annie Lewis, have been, at all times relevant to this lawsuit, citizens of the United States and residents of Clay County, Illinois.

5. Plaintiff Herbert Lewis has been a participant in the Sherwin Williams Salaried Medical Plan ( "the Plan") at all relevant times to this lawsuit.

6. Plaintiff Annie Lewis is the spouse of Plaintiff Herbert Lewis and, at all relevant times to this lawsuit, was covered as a dependent of Herbert Lewis under the Plan. As a covered dependent under the Plan, Plaintiff Annie Lewis is a beneficiary of the Plan.

7. According to its Summary Plan Description, Sherwin Williams Company is the Administrator of the Plan. (See P. 78 and 87 of Summary Plan Description attached as Exhibit 1 to this Amended Complaint.)

8. According to a Service Agreement between Aetna Life Insurance Company ("Aetna") and Sherwin Williams, Aetna is an "appropriate named fiduciary" of the Plan for the purpose of reviewing claims under the Plan. (See Exhibit 2, P.12.)

9. The Sherwin Williams Salaried Medical Plan is an employee welfare benefit plan as defined in 29 U.S.C. § 1002(1) as the Plan is intended to provide medical , surgical, hospital care benefits to participants and beneficiaries. The Summary Plan Description also requires the Plan is to be administered in accordance with the Employee Retirement Income Security Act 29 U.S.C. § 1000 *et. seq.* (See P. 3 of

Exhibit 1.)

## Count I against Aetna by Herbert Lewis and Annie Lewis for Arbitrary and Capricious Actions

1-9. Plaintiffs hereby adopt and incorporate Paragraphs 1-9 above as Paragraphs 1-9 of Count I of the Amended Complaint.

10. As of December 1, 2006, Plaintiff Annie Lewis was enrolled, as the spouse of Herbert E. Lewis, in the Plan and had the right to receive benefits offered under the Plan.

11. As of December 1, 2006, Herbert Lewis had paid the required premiums so that he and Annie Lewis had a right to receive benefits offered under the Plan. Throughout the period relevant to this lawsuit, Herbert Lewis paid the requisite premiums to maintain coverage under the Plan for himself and his spouse, Annie Lewis.

12. On December 17, 2006, Annie O. Lewis was horseback riding as a recreational activity and was thrown from a horse and suffered injuries including a fractured clavicle, fractured ribs, and severe swelling in the upper extremities.

13. The injuries required emergency care and subsequent medical care by a number of providers including an orthopedic surgeon who performed an open reduction and internal fixation with a bone graft of the left clavicle.

14. At the time of the injury on December 17, 2006 and thereafter, Annie Lewis had no other medical insurance besides the coverage provided by the Sherwin Williams Salaried Medical Plan.

15. Prior to the injury of December 17, 2006, Annie Lewis had no symptoms, nor did she

receive treatment, related to the left clavicle, ribs, and upper extremities so injured in the December 17, 2006 accident i.e. Annie Lewis had no pre-existing conditions.

16. As a result of the injuries on December 17, 2006, Annie Lewis has required medical treatment with the related medical bills amounting to approximately $38,165.92.

17. Aetna has paid approximately $3,837.55 of the medical claims submitted by the medical providers for medical treatment related to the December 17, 2006 accident.

18. Aetna has refused to pay the remaining amounts despite numerous requests from the Plaintiffs, their authorized representative, and medical providers.

19. Aetna representatives have stated, at various times throughout, that the denials were due to a pre-existing condition or that Annie Lewis was required to verify that she had no other insurance.

20. On at least five different occasions, starting in April 2007, Herbert or Annie Lewis, or their attorney, sent Aetna written information attesting to the fact that she had no pre-existing conditions or other insurance.

21. In a letter dated December 2, 2008, the Lewis' attorney requested (from Aetna) a written explanation for the denial of her medical claims. (Exhibit 3.)

22. After waiting more than 60 days without a response from Aetna, on February 6, 2009, the Lewis' attorney provided signed and notarized affidavits of the Plaintiffs addressing all issues previously raised by Aetna's representatives. (Exhibit 4.)

23. Aetna never responded in writing to the Plaintiffs' authorized representative's correspondence.

24. Throughout this period, Aetna failed to follow the procedures required by 29 CFR

> 2560.503-1 in that: Aetna unduly inhibited and hampered the processing of claims for benefits by continuously requesting the same information previously provided by Plaintiffs; Aetna's claim denials were not in accordance with the Summary Plan Description; Aetna failed to notify the Plaintiffs of an adverse determination at a time sufficiently in advance of the denial of services; Aetna failed to provide Annie Lewis with an appeal of the adverse determination or a full and fair review of the adverse determination.

25. Herbert Lewis and Annie Lewis have not sought compensation or payments from any sources, besides the Defendant Plan, for medical care related to the horseback injury.

26. Since Aetna has refused to pay the medical claims of Annie Lewis, Herbert Lewis and Annie Lewis have been sued and had judgments entered against them by medical providers for the medical claims related to the December 17, 2006 injuries. In addition, Herbert Lewis and Annie Lewis have been forced to make payments to the medical providers for the pertinent medical claims.

27. Because Aetna never afforded Plaintiffs an opportunity to appeal a determination of Aetna's continued denial of medical claims, it was impossible for Plaintiffs to enact Plan provisions to appeal Aetna's denial.

28. Aetna's actions as described above were patently unreasonable. It repeatedly denied Plaintiffs' medical claims (citing a pre-existing condition and need for information regarding other insurance coverage) despite being provided with written information by the Plaintiffs on at least five different occasions in response to Aetna's requests.

29. Aetna's denial of Plaintiffs' claims were arbitrary and capricious to the detriment of

        Herbert Lewis and Annie Lewis.

30. Accordingly Aetna is now liable for damages to Plaintiffs Herbert Lewis and Annie Lewis in the amount of the outstanding medical payments and for payments made by Herbert Lewis and Annie Lewis to medical providers as a result of Aetna's failure to pay. In addition, Plaintiffs are entitled to attorney fees and costs pursuant to 29 U.S.C. 1132(g)(1).

WHEREFORE Plaintiffs Herbert Lewis and Annie Lewis pray for a judgment entered against Aetna in the amount of the outstanding medical payments and for payments made by Herbert Lewis and Annie Lewis to medical providers as a result of Aetna's failure to pay. In addition, Plaintiffs pray for attorney fees and costs pursuant to 29 U.S.C. 1132(g)(1) and such other and further relief as the Court deems just and equitable.

### Count II under Section 1132(a)(1)(B) against Sherwin Williams Salaried Medical Plan by Herbert Lewis and Annie Lewis

1-27. Plaintiffs hereby adopt and incorporate Paragraphs 1-27 in Count I above as Paragraph 1-27 of Count II.

28. Plaintiffs Herbert Lewis and Annie Lewis are now entitled to relief pursuant to 29 U.S.C. 1132(a)(1)(B) against the Sherwin Williams Salaried Medical Plan, for its failure to pay benefits under the terms of the Plan, to enforce their rights under the terms of the Plan, and clarify their rights to future benefits under the terms of the Plan.

29. In addition, Plaintiffs are entitled to attorney fees and costs pursuant to 29 U.S.C. 1132(g)(1).

WHEREFORE Plaintiffs Herbert Lewis and Annie Lewis prays for relief from this Court

pursuant to 29 U.S.C. 1132(a)(1)(B) and 29 U.S.C. 1132(g)(1) and specifically seeks damages for its failure to pay benefits under the terms of the Plan, to enforce their rights under the terms of the Plan, to clarify their rights to future benefits under the terms of the Plan, and attorney's fees and costs, and such other and further relief as the Court deems just and equitable.

### Count III under Section 1132(c)(1) against Aetna by Annie Lewis

1-27. Plaintiffs hereby adopt and incorporate Paragraphs 1-27 in Count I as Paragraph 1-27 of Count III.

28. As a beneficiary of the Plan, Plaintiff Annie Lewis now prays for this Court for relief under 29 U.S.C. 1132(c)(1) against Aetna for its failure to provide requested information to Annie Lewis. Specifically, Aetna failed to respond to the December 2, 2008 request for information regarding the denial of medical claims submitted on behalf of Annie Lewis.

29. Accordingly, Aetna is liable for a civil penalty of $110.00 per day since the December 2, 2008 letter sent by her authorized representative or approximately $32,450.00.

30. In addition, Plaintiff Annie Lewis is entitled to attorney fees and costs pursuant to 29 U.S.C. 1132(g)(1).

WHEREFORE Plaintiff Annie Lewis prays for relief from this Court and to assess a civil penalty against Aetna of $110.00 per day for its violations of 29 U.S.C. 1132(c)(1), attorney fees and costs pursuant to 29 U.S.C. 1132(g)(1), and any other relief deemed just and equitable by the Court.

### Count IV under Section 1132(c)(1) against Aetna by Herbert Lewis

1-27. Plaintiffs hereby adopt and incorporate Paragraphs 1-27 in Count I as Paragraph 1-27

        of Count IV.

28. As a Participant in the Plan, Plaintiff Herbert Lewis now prays for this Court for relief under 29 U.S.C. 1132(c)(1) against Aetna for its failure to provide requested information to him. Specifically, Aetna failed to respond to the December 2, 2008 request for information regarding the denial of medical claims submitted on behalf of Annie Lewis.

29. Accordingly, Aetna is liable for a civil penalty of $110.00 per day since the December 2, 2008 letter sent by Herbert Lewis' authorized representative or approximately $32,450.00.

30. In addition, Plaintiff Herbert Lewis is entitled to attorney fees and costs pursuant to 29 U.S.C. 1132(g)(1).

WHEREFORE Plaintiff Herbert Lewis prays for relief from this Court and to assess a civil penalty against Aetna of $110.00 per day for its violations of 29 U.S.C. 1132(c)(1), attorney fees and costs pursuant to 29 U.S.C. 1132(g)(1), and any other relief deemed just and equitable by the Court.

### Count V under Section 1132(c)(1) against Sherwin Williams by Annie Lewis

1-27. Plaintiffs hereby adopt and incorporate Paragraphs 1-27 in Count I as Paragraph 1-27 of Count V.

28. As a beneficiary of the Plan, Plaintiff Annie Lewis now prays for this Court for relief under 29 U.S.C. 1132(c)(1) against the Plan Administrator, Sherwin Williams Company, for its failure to provide requested information to Annie Lewis. Specifically, Sherwin Williams failed to respond to the December 2, 2008 request for

        information regarding the denial of medical claims submitted on behalf of Annie Lewis.

29. Accordingly, Sherwin Williams is liable for a civil penalty of $110.00 per day since the December 2, 2008 letter sent by her authorized representative or approximately $32,450.00.

30. In addition, Plaintiff Annie Lewis is entitled to attorney fees and costs pursuant to 29 U.S.C. 1132(g)(1).

WHEREFORE Plaintiff Annie Lewis prays for relief from this Court and to assess a civil penalty against Sherwin Williams of $110.00 per day for its violations of 29 U.S.C. 1132(c)(1), attorney fees and costs pursuant to 29 U.S.C. 1132(g)(1), and any other relief deemed just and equitable by the Court.

### Count VI under Section 1132(c)(1) against Sherwin Williams by Herbert Lewis

1-27. Plaintiffs hereby adopt and incorporate Paragraphs 1-27 in Count I as Paragraph 1-27 of Count VI.

28. As a Participant in the Plan, Plaintiff Herbert Lewis now prays for this Court for relief under 29 U.S.C. 1132(c)(1) against the Plan Administrator, Sherwin Williams Company, for its failure to provide requested information to Herbert Lewis regarding the claims filed on behalf of Annie Lewis. Specifically, Sherwin Williams failed to respond to the December 2, 2008 request for information regarding the denial of medical claims submitted on behalf of Annie Lewis.

29. Accordingly, Sherwin Williams is liable for a civil penalty of $110.00 per day since

the December 2, 2008 letter sent by Herbert Lewis' authorized representative or approximately $32,450.00.

30. In addition, Plaintiff Herbert Lewis is entitled to attorney fees and costs pursuant to 29 U.S.C. 1132(g)(1).

WHEREFORE Plaintiff Herbert Lewis prays for relief from this Court and to assess a civil penalty against Sherwin Williams of $110.00 per day for its violations of 29 U.S.C. 1132(c)(1), attorney fees and costs pursuant to 29 U.S.C. 1132(g)(1), and any other relief deemed just and equitable by the Court.

Herbert Lewis and Annie Lewis, Plaintiffs
s/ John A. Wolters_____
John A. Wolters
**CAVANAGH & O'HARA LLP**
407 East Adams
Post Office Box 5043
Springfield, IL  62705
P:  (217)  544-1771
F: (217) 544-9894
johnwolters@cavanagh-ohara.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on October 20, 2009, a copy of the Amended Complaint was served by electronic service through the court's ECF system to the following:

>Stephen H. Pugh
>Kathy Pasulka-Brown
>Uma Chandrasekaran
>Pugh, Jones, Johnson & Quandt, P.C.
>180 North LaSalle Street, Suite 3400
>Chicago, IL 60601

and by regular mail to:

>None.

>Herbert Lewis and Annie Lewis, Plaintiffs
>s/ John A. Wolters_____
>John A. Wolters
>**CAVANAGH & O'HARA LLP**
>407 East Adams
>Post Office Box 5043
>Springfield, IL  62705
>P:  (217)  544-1771
>F: (217) 544-9894
>johnwolters@cavanagh-ohara.com