UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANNIE O. LEWIS and<br>HERBERT E. LEWIS,<br><br>    Plaintiffs,<br><br>    v.<br><br>AETNA INSURANCE AGENCY, INC.,<br>*also known as ING Insurance Services*,<br>SHERWIN WILLIAMS COMPANY AS<br>PLAN ADMINISTRATOR, and SHERWIN<br>WILLIAMS SALARIED MEDICAL PLAN,<br><br>    Defendants. | Case No. 09-cv-641-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' amended Motion to Dismiss (Doc. 56),[1] which includes and incorporates a memorandum in support thereof.  Plaintiffs filed a Response (Doc. 62) thereto, to which Defendants filed a Reply (Doc. 63).

The Court notes that said reply brief, which consists of seven pages of substantive argument, violates the Court's Local Rules.  S.D. Ill. L. R. 7.1(d) ("Reply briefs shall not exceed 5 pages.").  Defendants are cautioned that page limits and similar restrictions are strictly enforced by this Court, and future filings that do not comport with the Local Rules will be stricken.

For the following reasons, the Court, *inter alia*, **DENIES** the instant motion (Doc. 56).

---

[1] Defendants' original Motion to Dismiss (Doc. 55) has been supplanted by the motion currently before the Court; accordingly, this order will deny as moot the original dismissal motion.

## BACKGROUND

**I.     Facts**

For purposes of a motion to dismiss, courts must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir. 2007).  The Court, accepting all of Plaintiffs' factual allegations as true and drawing all reasonable inferences in their favor, finds as follows:

Plaintiffs Herbert and his wife, Annie, Lewis (hereinafter individually referred to as "Herbert" and "Annie" and collectively referred to as "the Lewises") were participants in a health insurance plan sponsored by Herbert's employer, Defendant Sherwin Williams.[2]  This plan, termed the (Defendant) Sherwin Williams Salaried Medical Plan (hereinafter "the Plan"), named Sherwin Williams as its administrator and Defendant Aetna Insurance Agency, Inc. (hereinafter "Aetna") as its fiduciary in charge of reviewing claims filed thereunder.  To retain coverage under the Plan, the Lewises were to pay deductibles, copayments, and coinsurance.  At all times relevant to this litigation, Herbert fulfilled all of his payment obligations under the Plan.

On December 17, 2006, Annie was thrown from a horse while horseback riding, causing her clavicle and ribs to fracture as well as severe swelling in her upper extremities.  She was subsequently treated by numerous healthcare providers, her medical bills ultimately totaling $38,165.92.

---

[2]Sherwin Williams is named a defendant only in its capacity as administrator of the medical plan at issue.

Citing a preexisting condition and maintaining that Annie had failed to verify that she had no other insurance, Aetna denied the Lewises' claims for benefits as to said amount, and the majority of the medical bill went unpaid. In a letter dated December 2, 2008, the Lewises' attorney asked Aetna to explain the basis of its denial, but neither Aetna nor Sherwin Williams responded in writing within 60 days. On February 6, 2009, the Lewises' attorney submitted further correspondence to Aetna but again did not receive a written response. Herbert and Annie have been sued by the medical providers and had judgments entered against them; as a result, they have since been forced to begin making payments for Annie's treatment.

## II.     Relevant Procedural Posture

On July 7, 2009, the Lewises filed suit in Clay County, Illinois, asserting a sole claim for breach of contract against Aetna. Aetna thereafter removed the matter to this Court on the grounds that the Lewises' claims were preempted by the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1001, *et seq*. The Lewises eventually filed an Amended Complaint (Doc. 27), which remains the operative complaint in this litigation. This complaint not only added Sherwin Williams and the Plan as defendants but pled six separate claims for relief. These claims are as follows: engagement in arbitrary and capricious actions by Aetna (Count I); violation of ERISA § 502(a)(1)(B), codified at 29 U.S.C. § 1132(a)(1)(B), by the Plan (Count II), and; violation of ERISA § 502(c)(1), codified at 29 U.S.C. § 1132(c)(1), by Aetna and Sherwin Williams (Counts III-VI).[3]  With respect to Counts III-VI,

---

[3] More specifically, Count III is an action by Annie against Aetna for violation of ERISA § 502(c)(1), Count IV is an action by Herbert against Aetna for violation of ERISA § 502(c)(1), Count V is an action by Annie against Sherwin Williams for violation of ERISA § 502(c)(1) and Count IV is an action by Herbert against Sherwin Williams for violation of ERISA § 502(c)(1).

Plaintiffs seek the maximum statutory penalty and attorneys' fees and costs.

Defendants now move to dismiss Counts III-VI of the amended complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Procedure 12(b)(6).

## ANALYSIS

Following a general overview of the law governing motions to dismiss and federal notice pleading, the Court will delve into the relevant law surrounding ERISA § 502(c)(1), especially in the context of dismissal motions, and its application to the facts before the Court.

### I.  Motions to Dismiss Generally

The federal system of notice pleading requires only that the plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Therefore, the complaint need not allege detailed facts. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir.2007).

However, in order to provide fair notice of the grounds for his claim, the plaintiff must allege sufficient facts "to raise a right to relief above the speculative level." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must offer "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id*. The plaintiff's pleading obligation is to avoid factual allegations "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under [Federal] Rule [of Civil Procedure] 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). However, "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary

support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 550 U.S. at 563 n.8.

## II. ERISA § 502(c)(1)

As discussed *supra*, the targets of the instant motion to dismiss are the claims against Aetna and Sherwin Williams for violation of ERISA § 502(c)(1). Section 502(c)(1) provides, in relevant part, as follows:

> Any administrator who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary . . . by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such relief as it deems proper.

29 U.S.C. § 1132(c)(1)(B) (2006). Therefore, in order to state a claim under § 502(c)(1), a participant will need to allege "(1) that the administrator was required by ERISA to make available to the participant the information the participant requested, and (2) that the participant requested and the administrator failed or refused to provide the information requested . . . ." *Kleinhans v. Lisle Sav. Profit Sharing Trust*, 810 F.2d 618, 622 (7th Cir. 1987) (affirming grant of defendants' motion for summary judgment because plaintiff failed to request "information" concerning the trust at issue or his rights thereunder); *Hakim v. Accenture U.S. Pension Plan*, 656 F. Supp. 2d 801, 821 (N.D. Ill. 2009). "If these elements of standing to sue and an appropriate request are satisfied, the plan administrator's failure to provide the requested information to a participant or beneficiary carry severe consequences." Ronald J. Cooke, *ERISA Practice and Procedure* § 8:28, p. 8-219 (2d ed. 2009).

In line with *Twombly*, "[a] cause of action to compel disclosure is rather easily pled. . . . [so long as] the required elements [are] alleged." Cooke, *supra*, at 8-223-24; *see e.g.*, *Lee v.*

5

*Prudential Ins. Co. of Am.*, 673 F. Supp. 998, 1005 (N.D. Cal. 1987) (holding that plaintiff's allegations of a request and an insufficient response was "not clearly insufficient"for pleading purposes); *Dist. 65, UAW v. Harper & Row, Publishers, Inc.*, 576 F. Supp. 1468, 1487 (S.D.N.Y. 1983) (denying motion to dismiss because plaintiffs alleged "that defendants violated section 502(c) by failing to comply with requests made by participants for information concerning the interest rate and for Plan documents."); *but see Clark v. Hewitt Assocs., LLC*, 294 F. Supp. 2d 946, 952-53 (N.D. Ill. 2003) (granting motion to dismiss because, while plaintiff did not need to demand the $100-a-day penalty, plaintiff failed to allege that a written request was made on the defendant administrator and that harm resulted from defendant's non-responsiveness).  It bears mentioning that, because § 502(c)(1) is confined to Subchapter I of ERISA, it cannot serve as a means to impose civil liability for violations of agency regulations.  *Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397, 406 (7th Cir. 1996) (affirming grant of defendant's motion to dismiss).  This includes 29 C.F.R. § 2560.503-1, which governs claims procedure for claims made by participants and beneficiaries under employee benefit plans.  *Id*.

      Here, Defendants' motion and reply brief attack the Lewises' § 502(c)(1) claims on the following two grounds: 1) said claims improperly rely on a Department of Labor regulation as the basis of the alleged § 502(c)(1) violation, and; 2) said claims are not well-pled because they fail to identify the ERISA provision obligating furnishment of § 502(c)(1) information.  Each of these arguments will be addressed in kind.

      Aetna and Sherwin Williams first contend that the Lewises' 502(c)(1) claims rest upon violations of 29 C.F.R. § 2560.503-1, which they cannot per *Wilczynski*.  However, the operative complaint references 29 C.F.R. § 2560.503-1 only once; namely, in the midst of general allegations contained under Count I, alleging engagement in arbitrary and capricious actions by

6

Aetna.  While the claims at issue do expressly incorporate the general allegation concerning 29 C.F.R. § 2560.503-1, the reference to said regulation does not relate to the Lewises' attorney's demand on Aetna for a written explanation of its denial of benefits.  Rather, said regulation is cited alongside the following general allegations:

> Aetna unduly inhibited and hampered the processing of claims for benefits by continuously requesting the same information previously provided by Plaintiffs; Aetna's claim denials were not in accordance with the Summary Plan Description; Aetna failed to notify the Plaintiffs of an adverse determination at a time sufficiently in advance of the denial of services[, and]; Aetna failed to provide Annie Lewis with an appeal of the adverse determination or a full and fair review of the adverse determination.

(Doc. 27, p. 5, ¶ 24).  As can be seen, these general allegation simply do not allege failure on the part of Aetna or Sherwin Williams to provide § 502(c)(1) information; as such, the Court does not read the § 502(c)(1) claims to be premised upon 29 C.F.R. § 2560.503-1.  Defendants' reliance on *Wilczynski* is therefore misplaced.

This, of course, leaves open the question of which ERISA provision mandated Aetna and Sherwin Williams to properly respond to the Lewsies' attorney's request for information.  The amended complaint does not so specify, and Defendants take the position, which represents their second primary argument, that this lack of specificity equates to failure to state a claim and warrants dismissal.  However, Defendants cite to no binding or persuasive authority for this proposition, and the Court can think of none.  This is likely because *Twombly* and federal notice-pleading standards dictate that such specificity is not required at this stage in the litigation.  Indeed, here, Aetna and Sherwin Williams appear to have been put on notice of the specific claims asserted against them.  Moreover, the amended complaint sufficiently alleges the two *Kleinhans* ingredients that make up a § 502(c)(1) claim as is perhaps best evidenced by its

7

details concerning the written request, including dates and other specific facts. Finally, the precedent chronicled above stands for the notion that § 502(c)(1) claims like the Lewises should and often will survive dismissal motions.

In summation, the Court is satisfied that Counts III-VI state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Dismiss (Doc. 56). Further, the Court **DENIES as moot** Defendants' original Motion to Dismiss (Doc. 55).

**IT IS SO ORDERED.**
**DATED: May 6, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**