UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

ANNIE O. LEWIS,

    Plaintiff,

  v.                                              Case No. 09-cv-641-JPG

SHERWIN WILLIAMS SALARIED
MEDICAL PLAN,

    Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Annie Lewis' ("Lewis") Motion to Amend (Doc. 93), to which Defendant Sherwin Williams Salaried Medical Plan ("the Plan") filed a Response (Doc. 94). Specifically, Lewis seeks leave to file a second amended complaint that will add one count of breach of fiduciary duty against Defendants Aetna Insurance Agency, Inc. and Sherwin Williams Company as Plan Administrator, both of whom the Court dismissed with prejudice in the Memorandum and Order (Doc. 88) of October 29, 2010. For the following reasons, the Court **DENIES** the instant motion.

Federal Rule of Civil Procedure 15(a)(2) ("Rule 15(a)(2)") provides that once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Here, because none of the Defendants have consented to Lewis' proposed amendment, she requires leave from this Court.

Rule 15(a)(2) conveys a liberal approach to amendments, stating that courts "should freely give leave when justice so requires." *Daugherity v. Traylor Bros., Inc.*, 970 F.2d 348, 351 (7th Cir. 1992). The rule "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities." *McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132

(N.D. Ill. 1989); *see Diersen v. Chi. Car Exch.*, 110 F.3d 481, 489 (7th Cir. 1997); *Woods v. Ind. Univ.-Purdue Univ. at Indianapolis*, 996 F.2d 880, 884 (7th Cir. 1993).

A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001); *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993); *Daugherity*, 970 F.2d at 351. An amendment is futile if it would not survive a motion for summary judgment. *Bethany*, 241 F.3d at 861.

Here, although the Court is mindful of the general deference towards allowing a plaintiff to amend her complaint, the undue delay and futility surrounding Lewis' proposed amendment dictate that her motion must be denied. First, with respect to undue delay, it cannot be ignored that Lewis did not properly file the instant motion until *after* the Court held a final pre-trial conference, which was set a little more than one week before the anticipated trial date. In fact, the Court was unaware that Lewis even sought leave to amend her complaint until said conference. Moreover, Lewis did not file the instant motion until after the close of discovery and more than one month after the Court entered a 17-page Memorandum and Order (Doc. 88) ruling upon the parties' cross-motions for summary judgment. Perhaps most importantly, the Court has reviewed Lewis' proposed second amended complaint, and the claim sought to be added is premised upon almost the exact same set of facts as the operative Amended Complaint (Doc. 27). This is significant because, if Lewis now sincerely thinks she has a breach of fiduciary duty claim, she had ample opportunity to bring suit under such a theory during the 14 months that this case has been in federal court. *See Kleinhans v. Lisle Savs. Profit Sharing*

*Trust*, 810 F.2d 618, 625-26 (7th Cir. 1987)   Put simply, the instant motion smacks of the undue delay that acts as a bar to any proposed amendment requiring leave of court.

Lewis' proposed amendment also runs into a wall due to its futility.  ERISA § 404 and ERISA § 405 actions, like the ones contemplated by Lewis' proposed amendment, are generally brought under ERISA § 502(a)(3).  *See Adamczyk v. Lever Broso., Div. of Conopco*, 991 F. Supp. 931, 933 (N.D. Ill. 1997).  As the Court previously noted, binding precedent and analogous case law dictate that Lewis cannot seek relief under ERISA § 502(a)(3) because she can seek and is seeking relief under ERISA § 502(a)(1)(B).  *See Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996); *Clark v. Hewitt Assocs., LLC*, 294 F. Supp. 2d 946, 950 (N.D. Ill. 2003) ("Plaintiff . . . does have the *right* to bring a claim under § [502](a)(1)(B), regardless of its merits; therefore, she may not seek relief under § [502](a)(3).") (emphasis in original). Accordingly, the Court finds that, even if the instant motion was not tainted by undue delay, its inherent futility precludes amendment under Rule 15(a)(2).

For the foregoing reasons, the Court **DENIES** Lewis' Motion to Amend (Doc. 93).

**IT IS SO ORDERED.**
**DATED: December 17, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
