IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANNIE O. LEWIS *and* HERBERT E. LEWIS, <br><br> Plaintiffs, <br><br> v. <br><br> AETNA LIFE INSURANCE COMPANY, SHERWIN WILLIAMS COMPANY as PLAN ADMINISTRATOR, SHERWIN WILLIAMS SALARIED MEDICAL PLAN, <br><br> Defendants. | Case No. 3:09-cv-00641-JPG |

## MEMORANDUM & ORDER

This matter comes before the Court on the parties' Bill(s) of Costs (Docs. 114, 118) and plaintiff Annie Lewis's Motion for Attorney Fees (Doc. 116). Both parties have objected to the other's Bill of Costs (Docs. 117, 124) and defendant Sherwin Williams Salaried Medical Plan ("Sherwin Williams") filed a response in opposition to the plaintiff's motion for attorney fees (Doc. 125).

## BACKGROUND

1. Factual

The facts of this case are thoroughly presented in the Court's Memorandum & Order on summary judgment (Doc. 88). The Court will briefly restate the facts here. On December 17, 2006, Annie Lewis ("Annie") was horseback riding and sustained injuries after being thrown from her horse. At all times relevant to this litigation, her husband, Herbert Lewis ("Herbert"), was a participant in the Defendant Sherwin Williams Salaried Medical Plan ("the Plan"). Annie was a dependent/beneficiary under the Plan. Defendant Sherwin Williams Company is the Plan's administrator, and Defendant Aetna Insurance Agency, Inc. ("Aetna") is the claims

administrator of the Plan. Due to the severity of her injuries, Annie ultimately had $38,165.92 in medical bills. Annie and Herbert ("the Lewises") eventually brought suit in state court against Aetna for breach of contract due to its alleged non-payment. The Lewises alleged Aetna did not pay the claims but classified them as "pending" until it could fully investigate the claims to determine whether there was a pre-existing condition or other medical insurance. While the claims were pending, one of the medical providers sued the Lewises for payment. Later, between March 2007 and March 2009, Aetna completed its investigation and made a number of payments.

    2. Procedural

On August 20, 2009, this matter was removed to federal court on grounds that the claims of the Lewises were preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. After retaining new counsel, the Lewises filed an Amended Complaint (Doc. 27), which remains the operative complaint in this litigation. This complaint not only added the Plan and Sherwin Williams as defendants but pled six separate claims for relief. These claims were as follows: engagement in arbitrary and capricious actions by Aetna (Count I); violation of ERISA § 502(a)(1)(B), codified at 29 U.S.C. § 1132(a)(1)(B), by the Plan (Count II), and; violation of ERISA § 502(c)(1), codified at 29 U.S.C. § 1132(c)(1), by Aetna and Sherwin Williams (Counts III-VI).

Eventually, the parties filed cross-motions for summary judgment, and, in its aforementioned order of October 29, 2010, the Court denied the Lewises' motion for summary judgment and granted Defendants' motion on Counts I, III, IV, V, and VI (this also resulted in the dismissal with prejudice of Herbert, Aetna, and Sherwin Williams). Therefore, the only claim which went to trial was Count II, brought by Annie against the Plan. At trial on February

23, 2011, Annie sought recovery of $5, 927.00. She prevailed on Count II and was awarded $538.00 against Sherwin Williams Salaried Medical Plan.

## ANALYSIS

1. Bill of Costs

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." After a motion for costs, the clerk may tax these costs on one day's notice. *Id*. The losing party must object to the clerk's assessment within five days for the Court to review that action. *Id*. ERISA allows the Court discretion to award costs to either party. 29 U.S.C. §1132(g)(1). "[T]he court in its discretion may allow a reasonable attorney's fee and costs of action to either party." *Id.*

Here, both parties have filed a bill of costs (Plaintiff at Doc. 114; Defendant at Doc. 118) and Sherwin Williams has objected to Annie's bill of costs (Doc. 117) and Annie has objected to Sherwin Williams (Doc. 124). Annie seeks costs of $2,821.38 and Sherwin Williams seeks costs of $2,641.15. Both parties achieved some success in this case and the differences between their costs are minimal. The Court therefore exercises its discretion and denies both parties' requests for costs.

2. Attorneys' Fees

29 U.S.C. §1132(g)(1) provides the Court may award attorneys' fees to either party upon the conclusion of a lawsuit. Previously, the party was required to be a "prevailing" party in order to be awarded fees. More recently, the Supreme Court has broadened this definition to include those who achieved "some success on the merits." *Hardt v. Reliance Standard Life Insurance Co.,* 130 S. Ct. 2149 (2010). Annie argues she is entitled to attorneys' fees because she achieved some success on the merits (prevailing on Count II). Sherwin Williams, however, believes there was not enough "success" to award fees and their position was "substantially justified."

A. Plaintiff's Eligibility for Attorneys' Fees

ERISA provides, "[i]n any action under this subchapter . . . by a participant [or] beneficiary… the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). As the statutes terms indicate, a fee award is discretionary, not mandatory, and is only warranted if the non-prevailing party's litigation position was not "substantially justified." *Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004) (citing *Bittner v. Sadoff & Rudoy Indus.*, 728 F.2d 820, 830 (7th Cir. 1984)). There is a "modest, but rebuttable, presumption in favor of awarding fees to prevailing parties in ERISA cases," *Laborers' Pension Fund v. Lay–Com, Inc.,* 580 F.3d 602, 615 (7th Cir.2009). To be a prevailing party, the fee claimant must have achieved "some degree of success on the merits." *Hardt v. Reliance Standard Life Insurance Co.,* 130 S. Ct. 2149 (2010). The Supreme Court has also held that "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Hensley v. Eckerhart,* 461 U.S. 424, 440, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

In *Hardt* the Supreme Court clarified a "prevailing party" to mean:

> [a] claimant does not satisfy that requirement by achieving "trivial success on the merits" or a "purely procedural victor[y]," but does satisfy it if the court can fairly call the outcome of the litigation some success on the merits without conducting a "lengthy inquiry into the question whether a particular party's success was 'substantial' or occurred on a "central issue."

*Id.* at 2158. In *Hardt,* the Supreme Court determined the appellant had achieved some success on the merits, in spite of the fact her motion for summary judgment was denied, because the district court remanded the case and found the appellant had been denied the type of review which she was entitled to under ERISA. *Id.* The Supreme Court's analysis focused on whether the party

successfully proved ERISA had been violated. *Id.* at 2159. The *Hardt* Court further emphasized the victory being not purely a "procedural victory" or "trivial success on the merits." *Id.*

The Seventh Circuit has affirmed the awarding of attorneys' fees even in ERISA cases where there was no monetary recovery. *See e.g., Huss v. IBM Medical and Dental Plan*, 418 Fed.Appx. 498 (7th Cir. 2011); *Young v. Verizon's Bell Atlantic Cash Balance Plan*, 748 F. Supp.2d 903 (N.D. Ill. 2008). By not requiring a monetary award to find there was some success on the merits, the Seventh Circuit has also found "some success on the merits" can consist of proving a violation of ERISA. *See Hardt*, 130 S.Ct. 2149; *Huss*, 418 Fed. Appx. 498.

At trial, Annie established that Sherwin Williams had violated ERISA, specifically, the plan had failed to pay benefits due under § 502(a)(1)(B). In addition to establishing the violation, Annie was awarded a monetary award. Although Annie did not prevail on every claim or even on the majority of claims, the Court believes she had more than a "trivial success on the merits." *Hardt*, 130 S. Ct. 2149. As discussed above, post-*Hardt*, a monetary win is not required in order to award attorneys' fees and the Court therefore does not find Sherwin Williams' argument she did not win a substantial amount of money relevant. Although the defendants "prevailed" on claims, their success was merely procedural on all but one claim. Count I was dismissed for being duplicitous and Counts III and IV were dismissed because Herbert lacked standing (Doc. 88). It was only Count V which the defendants actually "prevailed" on against Annie and that was not because its actions were legally justified but rather because Annie did not request the type of information covered by the statute (Doc. 88).

As discussed in *Hardt*, "once a party has shown "some success on the merits," that party becomes eligible for attorney fees under § 1132(g)(1). *Hardt,* 130 S.Ct. at 2159. Annie came to the Court to prove her rights were violated under ERISA and get her bills paid. Although Annie

did not prevail on every claim, she did achieve success in what she sought to do. The Court finds Annie to be eligible for attorney fees and now examines whether those fees are appropriate under the "substantial justification" principle.

    B. Substantial Justification

"After concluding that party has shown 'some degree of success on the merits' and is thus eligible for fees, courts must determine whether fees are appropriate." *Kolbe & Kolbe Health & Welfare Benefit Plan v. Medical College of Wisconsin, Inc.*, 657 F.3d 496, 505 (7th Cir. 2011) (citing *Pakovich v. Verizon Ltd. Plan,* 653 F.3d 488, 494 (7th Cir.2011)). The Seventh Circuit has employed two tests in determining whether fees are appropriate. *Kolbe*, 653 F.3d at 506. The first test looks at the following five factors: 1) the degree of the offending parties' culpability or bad faith; 2) the degree of the ability of the offending parties to satisfy personally an award of attorney's fees; 3) whether or not an award of attorney's fees against the offending parties would deter other persons acting under similar circumstances; 4) the amount of benefit conferred on members of the pension plan as a whole; and 5) the relative merits of the parties' positions. *Id. (*citing *Filipowicz v. Am. Stores Benefit Plans Comm.,* 56 F.3d 807, 816 (7th Cir.1995)). The second and more recent test looks to whether the losing party's position was "substantially justified." *Kolbe,* 653 F.3d at 507.

    In spite of the two tests, both "essentially ask the same question: 'was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?'" *Id.* In order to determine if the losing party's position was "substantially justified," the Supreme Court provides that a party's position is 'justified to a degree that could satisfy a reasonable person." *Id.* (citing *Trustmark Life Ins. Co. v. Univ. of Chi. Hosps.,* 207 F.3d 876, 884 (7th Cir.2000)). It is not necessary, however, to engage in a subjective analysis of Sherwin

6

Williams' intent. "Despite the references to "good faith" and "harass[ment]," we do not read *Meredith* to mean that a party must actually show subjective bad faith to justify a fee award." *Production and Maintenance Employees' Local 504 v. Roadmaster Corp.,* 954 F.2d 1397, 1405 (7th Cir. 1992). Rather, substantially justified is interpreted "simply to mean that a party who pursues a position that is not substantially justified-that is, a position without a "solid basis"-has, in an objective sense, really done nothing more than harass his opponent by putting him through the expense and bother of litigation for no good reason." *Id.*

Sherwin Williams argues it was substantially justified because a majority of the bills in question were paid before the lawsuit was filed. It also contends that because it made a settlement offer of $7,500.00, it acted in good faith to try to settle the matter. The Court does not find these arguments persuasive. The settlement offer of $7,500.00 after eighteen months of litigation (which ended up being drawn out to twenty-seven months) inclusive of all fees, costs and damages was unreasonable in light of the circumstances. Further, Aetna refused to pay the claims for twenty-seven months based upon the treatment was for a pre-existing condition or Annie had other insurance coverage (Doc. 107, Transcript of Trial). This argument continued in spite of the multiple forms sent to Aetna proving there was no other insurance coverage (Doc. 107). The defendants also requested three extensions of time to file an Answer to the Amended Complaint in order to settle the claims but instead filed a motion to dismiss. The Court does not find this behavior indicative of a position that is substantially justified; rather, the Court finds it to be putting Annie "through the expense and bother of litigation for no good reason." *Production,* 954 F.2d at 1405.

Applying the less-favored five factor test, the Court comes to the same result. *See e.g., Kolbe,* 657 F.3d at 505. The first factor to consider is the degree of the offending parties'

culpability or bad faith. As discussed above, the Court does not believe the defendants consistently acted in good faith towards Annie. At one point, Sherwin Williams knew the Lewises were being sued to collect payments which Sherwin Williams owed to healthcare providers and did not act quickly to resolve it. The second factor examines the degree of the offending parties' ability to satisfy an award of attorneys' fees. There has been no evidence presented that Sherwin Williams cannot satisfy the attorneys' fees and the Court on its own initiative does not find one.

Third, the Court is to examine whether an award of attorneys' fees would deter other persons in similar circumstances. The Court finds an attorneys' fees award would deter future similar behavior. As Sherwin Williams pointed out, at the end of all the litigation, they only had to pay $538.00. The compensatory damages, which were appropriate, do not deter future behavior and the attorneys' fees the Court will award are not excessive in relation to that amount. The fourth factor requires the Court to look at the amount of benefit conferred on the members of the pension plan as a whole. The Court finds this factor to be inapplicable to the situation at hand and the lawsuit did not confer benefit on members apart from the Lewises. Finally, the Court examines the relative merits of the parties' positions. The Court already discussed the merits of Sherwin Williams' position above. The Court does not believe it was meritorious or reasonably relied upon to not pay Annie's bills, especially after she was sued by the healthcare providers.

The Court finds that Sherwin Williams was not substantially justified in its position against Annie. The Court therefore grants Annie's motion for attorneys' fees subject to the discussion below.

C. Reasonable Amount of Attorneys' Fees

The party moving for attorney's fees bears the burden of documenting its fees to the satisfaction of the Court. *Hensley v. Eckerhardt,* 461 U.S. 424, 433 (1983); *Tomazzoli v. Sheedy,* 804 F.2d 93, 96 (7th Cir.1986). Plaintiffs have submitted affidavits from John Wolters and Bryan Robbins in support of the attorney's fees requested (Doc. 116, Ex. 1, 9). Sherwin Williams does not question the reasonableness of the rate but does contest the appropriateness of the fees for Bryan Robbins.

Mr. Robbins was employed by the Lewises prior to the drafting of the operative complaint in this matter. Annie requests attorneys' fees for Mr. Robbins because he "had extensive contact with Aetna claims representatives in an attempt to get Annie Lewis' medical bills paid." (Doc. 116, p. 8). Annie also testified that some bills were paid after Mr. Robbins became involved. *Id.* This is not enough, however, to sustain an award of attorneys' fees. The fees being awarded in this matter are narrowly tailored to the trial on Count II. There is no evidence to how Mr. Robbins impacted Count II and his complaint has not been controlling in this matter since it was brought to federal court. As such, the Court will not award fees to Mr. Robbins.

The Court finds the proper attorneys' fees to be limited to John Wolters and his paralegal in preparation for trial and trial on Count II. Although Annie has submitted a claim for attorneys' fees that is "limited to Count II" the Court finds that prior to the trial, this time was spent pursuing all of the claims through depositions, correspondence with clients, and discovery, rather than just Count II. It would be unfair to require Sherwin Williams to pay attorneys' fees for work that went to claims it prevailed on in its motion for summary judgment. Taking into

account the exclusion of redundant or excessive hours and the limit of the fees to trial work, the Court finds the following calculations to be reasonable:

1) JAW = 58.45 hours at $195.00 per hour = $11,397.75

2) PAR = 4 hours at $90.00 per hour = $360.00

Total= $11,757.75

## CONCLUSION

The Court **DENIES** both parties' Bill of Costs (Docs. 114, 118). The Court **GRANTS** the Plaintiff's Motion for Attorneys' Fees (Doc. 116) but **REDUCES** the award to $11,757.75.

**IT IS SO ORDERED.**
**DATED:** February 2, 2012

s./ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**